# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

MAHALXMI HOSPITALITY, LLC,

    Plaintiff,

v.

STEADFAST INSURANCE COMPANY, *et al.*,

    Defendants.

Case No. 19-CV-591-GKF-FHM

## OPINION AND ORDER

Before the court is the Motion of defendants Certain Underwriters at Lloyd's, London subscribing to Policy No. B1230AP04534A17, to Strike Plaintiff's Jury Demand. [Doc. 51]. Defendants Steadfast Insurance Company and Starr Surplus Lines Insurance Company join the motion. [Doc. 54]. For the reasons set forth below, the motion is granted.

On October 2, 2019, plaintiff Mahalxmi Hospitality, LLC (Mahalxmi) filed its Petition in Tulsa County District Court. On November 4, 2019, before any answers were filed, defendants Certain Underwriters at Lloyd's, London subscribing to Policy No. B1230AP04534A17 (Lloyd's) remanded the case to this court. Mahalxmi filed a Jury Demand on February 14, 2020. [Doc. 48].

Lloyd's argues Mahalxmi's jury demand should be stricken as untimely because Mahalxmi failed to file its jury demand within 14 days of service of the notice of removal. "Plaintiff's February 14, 2020 Demand was filed more than two months after Plaintiff had been served with the Notice of Removal. That demand is consequently untimely, and should be stricken." [Doc. 51, p. 4]. While Lloyd's is incorrect about the applicable rule, they are nonetheless correct that Mahalxmi's jury demand is untimely.

"Unless a written jury demand has been filed of record in state court, trial by jury is waived in any case removed from a state court unless a demand for jury trial is filed and served within the time period provided under Fed. R. Civ. P. 38 and 81." LCvR 81.1. Federal Rule of Civil Procedure 81(c)(3)(B) provides that "[i]f all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after: (i) it files a notice of removal; or (ii) it is served with a notice of removal filed by another party." This provision is inapplicable here. The defendants did not file answers in state court. [*See generally* Doc. 2]. Therefore, "all necessary pleadings" had not been served at the time of removal. *See Jones v. WATCO Companies, L.L.C.*, Case No. 13-cv-0372-CVE-TLW, 2014 WL 642018, at *1 (N.D. Okla. Feb. 19, 2014). Whether plaintiff filed its jury demand within 14 days of being served with the notice of removal is therefore irrelevant.[1]

The applicable provision is Federal Rule of Civil Procedure 38(b). *See* Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2319 (3d ed.) (collecting cases). Rule 38(b)(1) requires that a jury demand on any issue be served within 14 days after service of the "last pleading directed to the issue." "The 'last pleading directed to such issue' will generally be an answer or reply, if appropriate, and is determined on a claim by claim basis." *In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir. 1990). "Where there are multiple parties, the last pleading by any party on a common issue will determine the time for jury demand." *Id.* The last answer to the state court

---

[1] Mahalxmi, in its jury demand, complains that the "removal documents listed [its counsel's previous firm]. Thus, [counsel] was not served the Notice of Removal. This was complicated by [counsel] not being set-up with the Northern District CM/ECF, at the time of removal." [Doc. 48, p. 2]. However, Mahalxmi's counsel acknowledged receipt of the "Notice of Filing of Removal" in a letter dated November 15, 2019 [Doc. 51, pp. 17-18] and filed a "Corporate Disclosure" with this court on December 6, 2019 [Doc. 35]. Even if Mahalxmi was unaware of removal until December 6, 2019, at the latest, it nonetheless failed to file its jury demand within 14 days of that date.

petition here, *i.e.* the "last pleading directed to the issue," was filed and served on November 26, 2019. [Doc. 34]. Because Mahalxmi failed to serve its jury demand within 14 days of that date, it waived its right to a jury trial. LCvR 81.1 ("[T]rial by jury is waived in any case removed from a state court unless a demand for jury trial is filed and served within the time period provided under Fed. R. Civ. P. 38 and 81.").

Plaintiff's complaint [Doc. 49], filed February 21, 2020, did not revive plaintiff's right to demand a jury trial. As this court explained in *Jones*,

> Amended pleadings do not revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings. An amended complaint referring to the same transaction as the original complaint does not revive the right demand a jury trial. Merely adding a defendant does not change or add issues to a case and fails to revive the right to demand a jury.

2014 WL 642018, at *2 (internal citations omitted); *accord In re Kaiser Steel Corp.*, 911 F.2d at 388 ("Amended and supplemental pleadings do not revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings."). Plaintiff's complaint, filed February 21, 2020, merely adds two new defendants; it does not change or add issues to the case. [*Compare* Doc. 2, pp. 6-9 *with* Doc. 49]. Therefore, the complaint filed February 21, 2020 does not revive Mahalxmi's right to demand a jury. Because Mahalxmi's right to a jury was waived and not revived, the Motion to Strike Plaintiff's Jury Demand is granted.

WHEREFORE, the Motion to Strike Plaintiff's Jury Demand of defendant Certain Underwriters at Lloyd's, London subscribing to Policy No. B1230AP04534A17 [Doc. 51], joined by defendants Steadfast Insurance Company and Starr Surplus Lines Insurance Company [Doc. 54], is GRANTED. Plaintiff's Jury Demand [Doc. 48] is STRICKEN.

IT IS SO ORDERED this 3rd day of April, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE